```
                                          FILED IN THE
                                       U.S. DISTRICT COURT
                                  EASTERN DISTRICT OF WASHINGTON

                                         OCT - 5 2005

                                       JAMES R. LARSEN, CLERK
                                       _____ DEPUTY
                                         YAKIMA, WASHINGTON
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES FIDELITY &<br>GUARANTY COMPANY,<br>a Maryland corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>MISSION SPRINGS, INC., a<br>Washington corporation, et al.,<br><br>            Defendants. | No. CV-05-0165-AAM<br><br>**ORDER DENYING<br>MOTION TO REMAND** |
| GENESIS INSURANCE COMPANY,<br>a Connecticut corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>MISSION SPRINGS, INC., a<br>Washington corporation, et al.,<br><br>            Defendants. | No. CV-05-0168-AAM<br><br>**ORDER DENYING<br>MOTION TO REMAND** |
| FEATURE REALTY, INC.,<br>a Nevada corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>GENESIS INSURANCE COMPANY,<br>et al.,<br><br>            Defendants. | No. CV-05-0222-AAM<br><br>**ORDER DENYING<br>MOTION TO REMAND** |

**ORDER DENYING
MOTION TO REMAND-**                                       1

**BEFORE THE COURT** is Feature Realty's (Feature) Motion To Remand CV-05-222-AAM to Spokane County Superior Court (Ct. Rec. 9 in 05-222-AAM). By previous order of the court, 05-222-AAM was consolidated with 05-165-AAM and 05-168-AAM.

## I. BACKGROUND

In 05-222-AAM, defendant United States Fidelity & Guaranty Company (USF&G) filed a "Notice of Removal" on July 27, 2005 (Ct. Rec. 1). Defendant Genesis Insurance Company (Genesis) joined in the removal by way of a filing on July 29, 2005. (Ct. Rec. 2). Removed from the Spokane County Superior Court were consolidated cases numbered 95-2-03773-3 and 03-2-00670-4.

Case no. 95-2-03773-3 was filed by Feature Realty in July 1995. Defendants were the City of Spokane and various city employees. Feature alleged the City had wrongfully withheld a grading permit. One of Feature's claims was premised on 42 U.S.C. §1983. Feature Realty and the City of Spokane eventually reached a settlement agreement. The City of Spokane, however, later repudiated the settlement agreement on the basis that the Spokane City Council had not approved the settlement in an open, public meeting.

Feature Realty then filed another action against the City of Spokane in Spokane County Superior Court (No. 00-2-06812-8) seeking to enforce the settlement agreement, specifically an arbitration requirement. That action was removed to this court on the basis of diversity (00-444-AAM). The undersigned denied Feature Realty's motion to remand the case to state court and ultimately ruled the City of Spokane had violated the Open Public Meetings Act (OPMA), rendering the settlement agreement null and void. The Ninth Circuit Court of Appeals affirmed that decision. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082 (9th Cir. 2003). The undersigned indicated that Feature Realty could attempt to reopen Spokane County Superior Court action 95-2-03773-3 because of the void settlement agreement. Feature Realty moved to reopen and the Spokane County Superior Court granted the motion

During the pendency of the aforementioned appeal to the Ninth Circuit, Feature Realty commenced yet another action in Spokane County Superior Court, 03-2-00670-4, in which the City

of Spokane was named as the sole defendant (at least in the original complaint filed in January 2003). In this action, Feature alleged the City had improperly delayed approval of a plat amendment. The City removed the action to federal court and on May 6, 2003, the Honorable Justin L. Quackenbush denied Feature's motion to remand because federal question jurisdiction existed by virtue of the 42 U.S.C. §1983 claim asserted by Feature. Judge Quackenbush later granted Feature's motion to file a "Second Amended Complaint" which dropped the §1983 claim. He then remanded the action to Spokane County Superior Court because there was "no federal court jurisdiction alleged in the Second Amended Complaint." (Ex. C to Cordell Declaration). Following remand, Feature filed a "Third Amended Complaint" in Spokane County Superior Court which re-alleged the §1983 claim.

On April 18, 2005, the parties reached a settlement agreement with regard to the consolidated Spokane County Superior Court cases (95-2-03773-3 and 03–2-00670-4). The terms of the settlement were: 1) The City of Spokane stipulated to a judgment in favor of Feature and against the City in the amount of $5.5 million; 2) The City assigned its insurance rights under the policies issued by Genesis and USF&G as those policies apply to the stipulated judgment; 3) Feature agreed not to execute on the stipulated judgment, except to the extent of the City's insurance proceeds as assigned to Feature; and 4) Feature received $600,000 from another of the City's insurers, Lexington Insurance Company, and that company assigned to Feature its equitable contribution claims against Genesis and USF&G.

In May 2005, Feature filed motions to determine the reasonableness of the covenant judgment amount; for entry of judgment against the City of Spokane; to dismiss individual named defendants in 03-2-00670-4; and a "Motion To Amend the Third Amended Complaint to name two additional defendants, Genesis and USF&G, and plead four causes of action against them, including equitable indemnity, recovery under the Consumer Protection Act, breach of insurance contracts, and bad faith in handling the insurance claims. These motions were served on Genesis and USF&G, along with a proposed judgment against the City of Spokane and a proposed Fourth Amended Complaint adding Genesis and USF&G as defendants. A hearing was held on June 10, 2005 in Spokane County Superior Court in which counsel for USF&G and Genesis appeared, although the

court denied the motions of USF&G and Genesis to formally intervene in the matter. The court found the covenant judgment reasonable, entered judgment against the City, and granted Feature leave to file the Fourth Amended Complaint naming USF&G and Genesis as defendants.

This Fourth Amended Complaint is now at issue in 05-222-AAM. Previous to the removal of consolidated 95-2-03773-3 and 03-2-00670-4, and indeed previous to the Spokane County Superior Court granting Feature leave to file the Fourth Amended Complaint, both USF&G and Genesis filed declaratory judgment actions in this court (CV-05-165-AAM filed by USF&G on June 1, 2005; 05-168-AAM filed by Genesis on June 2, 2005). In Spokane County Superior Court, one of the arguments Genesis tendered in opposition to granting leave to file a Fourth Amended Complaint was the existence of its federal declaratory judgment action. (Ex. E to VanSpeybroeck Declaration). The declaratory judgment action by USF&G names a number of defendants, including Feature and the City of Spokane. The declaratory judgment action by Genesis names only Feature and the City as defendants. Both insurance companies seek a declaration from this court that they are not obligated to pay anything to the defendants under the terms of their respective insurance policies with the City of Spokane.

Feature now seeks to have 05-222-AAM remanded to Spokane County Superior Court. Feature asserts the removal was untimely.

## II. DISCUSSION

The removal of 05-222-AAM to this court was on the basis of diversity of citizenship between the parties (Feature being a citizen of Nevada; USF&G being a citizen of Maryland and Genesis being a citizen of Connecticut). 28 U.S.C. §1332.

28 U.S.C. §1446(b) consists of two paragraphs and provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice

ORDER DENYING
MOTION TO REMAND- 4

> of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Feature contends the second paragraph applies here because "the case stated by the initial pleading [was] not removable," and that the "action" at issue (03-2-00670-4) commenced in 2003. Because the notice of removal was not filed by USF&G and Genesis until July 2005, Feature contends the removal is untimely because it was more than one year after "commencement of the action." According to Feature, "[t]he case became removable- but for the one year rule- only upon the filing of the Fourth Amended Complaint on June 15, 2005." Feature asserts the language of §1446(b) makes clear the one year period is from the "commencement of the action" and not from the event conferring federal jurisdiction.

USF&G and Genesis contend the first paragraph of §1446(b) applies because the case stated by the initial pleading in 03-2-00670-4 was removable, and the notice of removal was timely filed within thirty days after they received the Fourth Amended Complaint. In other words, they claim the one year limitation period set forth in the second paragraph of §1446(b) does not apply. In the alternative, USF&G and Genesis contend that if the one year rule applies, they are entitled to an equitable exception based on the unique circumstances of this case.

**A. First Paragraph**

In *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998), the Ninth Circuit Court of Appeals held:

> The first paragraph of §1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception.

The original complaint filed in Spokane County Superior Court on January 29, 2003, in 03-2-00670-4, contained a federal §1983 claim and therefore, was removable. (Ex. A to VanSpeybroeck

ORDER DENYING
MOTION TO REMAND-              5

Declaration). It was in fact removed and Judge Quackenbush denied a motion to remand it to Spokane County Superior Court. While in its first memorandum filed with the court, Feature asserted the "commencement of the action" occurred in January 2003 (Ct. Rec. 12 at p. 6), it now asserts in its reply memorandum that the "relevant iteration" of the complaint is the Second Amended Complaint which it was allowed to file in federal court. This Second Amended Complaint dropped the §1983 claim and, as a result, Judge Quackenbush remanded the action to the Spokane County Superior Court in an order filed June 27, 2003. In its reply brief, Feature now contends the "commencement of the action" occurred on June 27, 2003, when this non-removable Second Amended complaint was sent back to Spokane County Superior Court. As such, Feature contends the notice of removal filed by USF&G and Genesis in July 2005 remains untimely based on the one year limitation set forth in the second paragraph of §1446(b).

This court is not persuaded that the Second Amended Complaint can be treated as the "initial pleading" for purposes of the second paragraph of §1446(b). "Cases" are removed, not "pleadings" or "complaints," and this is clearly recognized by §1446(b). A "complaint" is merely a part of a "case" or "action." The "case" begins with the filing of an "initial pleading." Here, the "case" (03-2-00670-4) began with the filing of the original complaint (the "initial pleading") in Spokane County Superior Court on January 29, 2003. This "initial pleading" contained a federal §1983 claim. Hence, the "case stated by the initial pleading" was removable, was in fact removed, and the second paragraph and its one year limitation period do not apply.[1]

Paragraph one of §1446(b) applies and pursuant thereto, the notice of removal filed on July 27, 2005 was timely. USF&G and Genesis did not become defendants in 03-2-00670-4 until the filing of the Fourth Amended Complaint in Spokane County Superior Court. They were served with that complaint on July 20, 2005. Therefore, the notice of removal was filed within thirty days after receipt by defendants, through service, of a copy of the initial pleading setting forth, for the first

---

[1] Feature makes no attempt to argue the "commencement of the action" occurred with the filing of the "initial pleading" in 95-2-03773-3. Such an argument would be futile since that case was clearly removable as well by the fact the "initial pleading"- the original complaint- contained a 42 U.S.C. §1983 claim.

**ORDER DENYING
MOTION TO REMAND-** 6

time, the claims against them (i.e, breach of insurance contracts and bad faith). The Fourth Amended Complaint constituted the "initial pleading" as to defendant USF&G and Genesis. The first paragraph of §1446(b), unlike the second paragraph, says nothing about "commencement of the action." Rather, "the fundamental and well-settled principle set out in the first paragraph of subdivision (b) of section 1446- one that has the virtues of logic and common sense- is that the time limitation on seeking removal begins to run when the defendant receives notice of the state court action, not when the state court action is commenced . . . ." 14C Wright, Miller and Cooper, *Federal Practice and Procedure* §3732 at p. 281 (3d Ed. 1998).

Even assuming the thirty day period somehow commenced in January 2003 when the original complaint in 03-2-00670-4 was filed in Spokane County Superior Court (in other words, that this original complaint constitutes the "initial pleading" for purposes of the first paragraph of §1446(b)), application of the "revival exception" would be warranted. The "revival exception" allows a defendant in a few instances to "revive" the ability to remove a suit after the thirty day limit has expired when a plaintiff voluntarily changes the nature of the action such that "substantially a new suit begun on that day." *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965 (7th Cir. 1982). See also *Johnson v. Heublein, Inc.*, 227 F.3d 236, 242 (5th Cir. 2000).

Feature Realty concedes the Fourth Amended Complaint "raises certain new issues." This is an understatement. It is also an understatement to say that "a substantially new suit" began on June 15, 2005 when Feature filed its Fourth Amended Complaint in Spokane County Superior Court." A completely new suit began on that date. None of the defendants named in the previous complaints were named in the Fourth Amended Complaint. Pursuant to the settlement agreement, the City of Spokane consented to a judgment against it, and all of the individual defendants were dismissed from the action with prejudice. (Ex. 1 to Patterson Declaration). For the first time, USF&G and Genesis were named as defendants and the action was transformed into an insurance coverage action. The claims are entirely new as plainly evidenced by a comparison of the Third Amended Complaint with the Fourth Amended Complaint. (Exs. 2 and 3 to Patterson Declaration). USF&G and Genesis were notified of this new suit on July 20, 2005 and the thirty day removal period commenced on that date.

ORDER DENYING
MOTION TO REMAND- 7

## B. Second Paragraph

Assuming the case stated by the initial pleading (03-2-00670-4) was not removable and therefore, that the second paragraph of §1446(b) applies, this court would have no problem in finding an "equitable exception" to the one year limitation is warranted based on the particular circumstances involved.

It is well established that removal statutes are to be strictly construed against removal. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). As Feature points out, a strict construction of the second paragraph of §1446(b) dictates that a defendant cannot remove a case more than one year after the date the action was filed, even if the defendant was not served with the complaint until after the one year period expired. *Sledz v. Flintkote Company*, 209 F.Supp.2d 559 (D. Md. 2002); *Sasser v. Ford Motor Co.*, 126 F.Supp.2d 1333, 1336 (M.D. Ala. 2001) (the term "commencement of action" should be understood to refer to commencement of the action initially, and not as to any later addition of a particular party or claim).

In *Sasser*, the court quoted the legislative history pertaining to the one year limitation:

> Subsection (b)(2) amends 28 U.S.C. §1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

*Id.*, quoting H.R. Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.

Allowing removal by Genesis and USF&G in this case would not be inconsistent with the purpose of the one year limitation as expressed by Congress. The Fourth Amended Complaint is a new action against new defendants (USF&G and Genesis). With regard to the claims set forth in the Fourth Amended Complaint, there has been no "substantial progress" in the Spokane County

ORDER DENYING
MOTION TO REMAND- 8

Superior Court and accordingly, no concern there will be a "substantial delay and disruption" adjudicating those claims. The Spokane County Superior has taken no steps to adjudicate the claims in the Fourth Amended Complaint because USF&G and Genesis promptly removed that new action to this court.

The Ninth Circuit has not expressly held there is an equitable exception to application of the one year limitation period, but the Fifth Circuit has. In *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003), the court found the one year limitation period was not jurisdictional and could be waived in the favor of equity. According to the court: "Section 1446(b) is not inflexible and the conduct of the parties may affect whether it is equitable to strictly apply the one- year limit." *Id.* "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in §1446(b) be extended." *Id.* at 428-29. This in accordance with the general goal of preventing forum shopping. *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 538, 112 S.Ct. 1522 (1992).

Feature has legitimate reasons for wanting to remain in Spokane County Superior Court to adjudicate the claims against USF&G and Genesis. It is no surprise then that it would seek to tactically avoid removal. Instead of filing a new action against USF&G and Genesis in Spokane County Superior Court under a brand new case number, (an action that clearly would have been removable), Feature gained leave to file a Fourth Amended Complaint in consolidated 95-2-03773-3 and 03–2-00670-4. Notwithstanding its label and case numbers, this Fourth Amended Complaint still constitutes a new action against USF&G and Genesis. Not allowing an extension of the one year period would clearly be unfair to the insurance companies who are newcomers to the fray. Moreover, as discussed above, efficiency and respect for the Spokane County Superior Court would not be sacrificed by allowing an extension since no "substantial progress" on the Fourth Amended Complaint has been made in that court. All of these factors would warrant an equitable extension of the one year period, were it necessary.

//

//

ORDER DENYING
MOTION TO REMAND-                        9

### III. CONCLUSION

As the "case stated by the initial pleading" (03-2-00670-4) was removable, the first paragraph of 28 U.S.C §1446(b) applies. Since the notice of removal was filed within thirty days of Genesis and USF&G receiving the Fourth Amended Complaint, it was timely. Even if the thirty days were deemed to have commenced upon the filing of the original complaint in January 2003 (or upon filing of the Second Amended Complain in June 2003), the "revival exception" would still make the removal timely.

Assuming the second paragraph of §1446(b) applies, the circumstances of this particular case would warrant an equitable exception to the one year limitation period.

For all of these reasons, Feature's Motion To Remand (Ct. Rec. 9 in 05-222-AAM) is **DENIED**.

**IT IS SO ORDERED.** The District Executive is directed to enter this order and forward copies to counsel of record in 05-165-AAM, 05-168-AAM and 05-222-AAM.

**DATED** this _____ of October, 2005.

ALAN A. McDONALD
Senior United States District Judge

ORDER DENYING
MOTION TO REMAND-   10